United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 22-20015-CR-Scola ) |
| Leonard Williams, Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Leonard Williams's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 34.) The Government has responded, opposing Williams's motion (Resp., ECF No. 37), to which Williams has timely replied (ECF No. 38). After careful consideration of the parties' written submissions, the record, and the relevant legal authorities, the Court **denies** the motion for reduction of sentence. (**ECF No. 34**.)

1. **Background**

On January 20, 2022, a federal grand jury indicted Williams for robbing two banks in downtown Miami in December 2021. (ECF No. 12.) When Williams committed those two robberies, he was fresh off serving a 151-month sentence for several other bank robberies. (Resp. at 2.) Indeed, two weeks earlier he had just started his three-year term of supervised release at a halfway house. (*Id.*) On May 3, 2022, in accordance with a plea agreement (ECF No. 21) and factual proffer (ECF No. 22), Williams pleaded guilty to count one of the indictment— robbery of Ocean Bank at 165 SE 1st Street, Miami, Florida.

In preparation for Williams's sentencing, the United States Probation Office prepared a pretrial services report ("PSI"), which determined that Williams had a total offense level of 19, a criminal history category of IV, and an advisory guideline range of 46 to 57 months. (*See* Resp. at 3 (citing PSI ¶¶ 125).) Notably, Williams received two additional status points under Guidelines Section 4A1.1(d) for having committed the bank robberies while on supervised release. (PSI ¶ 69.) On July 19, 2022, the Court sentenced Williams to the high end of the guidelines, 57 months, consecutive to the statutory maximum two-year prison term for violating his supervised release. (Resp. at 3.) Williams's anticipated release date is September 18, 2027. (*Id.*)

Since Williams was sentenced, the United States Sentencing Commission issued Amendment 821 which, among other things, affects the "status points"

assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/ retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf. Williams now seeks retroactive application of Part A of Amendment 821 to his sentence.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the

minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Williams invokes here is Part A of Amendment 821—the "status points" adjustment. In applying this amendment to Williams, since he has six or fewer history points, he now lands in a criminal history category of only III, as opposed to IV, thus reducing his guideline range to 37 to 46 months. Williams asks that his sentence be reduced to 46 months, still at the top end of his new guideline range. Based on the Court's assessment of the § 3553(a) factors, though, the Court declines to exercise its discretion in reducing Williams's sentence.

As the Court noted at sentencing and notes again now, Williams' guideline calculation "understates the true nature of his criminal history." (Tr. 25:3–4.) And while the Court previously accepted sentencing Williams to the top of the guideline range, at 57 months, even though "the true nature of his criminal history" would have "certainly support[ed] a sentence above the sentencing guideline range," the Court finds the top of Williams's new guideline range insufficient. (*Id.* at 25:4–6.) Importantly, the Court notes the following: (1) Williams would be a career offender (with a criminal history category VI), and ineligible for a reduction, had he not served so much time in prison for his prior bank robberies such that most of his priors timed out with respect to his current PSI; (2) Williams's new crime was identical to the crime that placed him on the supervised release that he violated; (3) those crimes are crimes that inherently

involve "force," " violence," or "intimidation," 18 U.S.C. § 2113(a), (4) Williams didn't even last two weeks on supervised release before violating it; and (5) the violation involved absconding from a halfway house in order to commit two new bank robberies. In sum, the Court finds a sentence reduction in Williams's case will not properly reflect "the nature and circumstances of the offense and the history and characteristics of the defendant," "afford adequate deterrence to criminal conduct," or "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2). 57 months was an appropriate sentence initially and remains so today.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **denies** Williams's motion for a reduction of his sentence (**ECF No. 34**.)

**Done and ordered** at Miami, Florida on April 17, 2024.

_____
Robert N. Scola, Jr.
United States District Judge